GANNON v. MUNSEY TRUST CO. et al. (Circuit Court of Appeals, Fourth Circuit. September 26, 1917.) No. 1537. On Petition to Superintend and Revise, in Matter of Law, Proceedings of the District Court of the United States, at Abingdon, Va., in Bankruptcy. Gilmer & Stant, of Bristol, Va., for petitioner. John W. Price, of Bristol, Va., and Joseph A. Caldwell and E. K. Bachman, both of Bristol, Tenn., for respondents.

PER CURIAM. Petition to superintend and revise dismissed under rule 20 (150 Fed. xxxi, 79 C. C. A. xxxi) per agreement of counsel.

———

GARLAND et al. v. QUINN. (Circuit Court of Appeals Sixth Circuit. January 8, 1918.) No. 3027. Appeal from the District Court of the United States for the Western Division of the Northern District of Ohio; John M. Killits, Judge. Suit by Nelson J. Quinn against Edward Garland and others. From a decree for plaintiff, defendants appeal. Reversed and remanded, with instructions. O. C. Billman, of Cleveland, Ohio, for appellants. George E. Kirk, of Toledo, Ohio, for appellee. Before KNAPPEN, MACK, and DENI-SON, Circuit Judges.

PER CURIAM. Upon a former appeal in this case, we decided (242 Fed. 267, —— C. C. A. ——) the patent was not infringed, and we reversed the interlocutory decree which had been entered below. While that appeal was pending in this court, the accounting below proceeded to a final decree in favor of plaintiff for the profits which the master had found, and this appeal was taken from that final decree. Upon these facts, it is obvious that the decree below must be reversed, and the record remanded, with instructions to dismiss the bill. Questions of costs are presented, and there is a motion to strike out the printed record. This is denied; but the proceedings were irregular, and much of the record and briefs pertains to complaints against proceeding with the accounting while the interlocutory appeal was pending. This procedure was within the discretion of the court below, and is not the basis of any valid complaint. The costs in this court will be divided. The court below will determine the costs of that court, or apportion them among the parties defending, as to that court may seem proper.

———

GAULEY MOUNTAIN COAL CO. v. HAYS, Collector of Internal Revenue. (Circuit Court of Appeals, Fourth Circuit. December 2, 1915.) No. 1376. In Error to the District Court of the United States at Charleston, W. Va. R. T. Hubard, Jr., of Fayetteville, W. Va., and H. B. Closson, of New York City, for plaintiff in error. W. G. Barnhart, U. S. Atty., of Charleston, W. Va., for defendant in error.

PER CURIAM. Judgment of District Court reversed. Writ of certiorari of Supreme Court presented December 23, 1916.

———

HAYNIE v. SANGER BROS. (Circuit Court of Appeals, Fifth Circuit. January 7, 1918.) No. 3114. Petition to Superintend and Revise from the District Court of the United States for the Northern District of Texas; Edward R. Meek, Judge. Petition by R. W. Haynie, trustee of Herman Winkler, bankrupt, against Sanger Bros., to superintend and revise judgment in a controversy between the parties. Affirmed. Dallas Scarborough, of Abilene, Tex., for petitioner. J. D. Williamson, of Waco, Tex., for respondent. Before WALKER and BATTS, Circuit Judges, and FOSTER, District Judge.

FOSTER, District Judge. The only question presented in this case is whether a contract between the bankrupt and Sanger Bros. was one of conditional sale or consignment. On the facts shown the District Court held the transaction to be a consignment. The judgment was right, and it is affirmed.